IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM LASSITER-WADDELL<br><br>vs.<br><br>J.C. PENNEY COMPANY, INC. AND J.C. PENNEY | Civil Action No. 02 CV 3213 (MAM) |

**ANSWER OF DEFENDANT, J.C. PENNEY COMPANY, INC. D/B/A J.C. PENNEY, TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS**

Defendant, J.C. Penney Company, Inc. d/b/a J.C. Penney, by and through its attorneys, Mintzer, Sarowitz, Zeris, Ledva & Meyers, hereby responds to the plaintiff's Complaint as follows:

1.  Denied. After reasonable investigation, answering defendant is without sufficient information to form an opinion as to the truth of the allegations set forth in the corresponding paragraph. Strict proof thereof is demanded at the time of trial.

2.  Admitted in part; denied in part. It is admitted that defendant, J.C. Penney Company, Inc., is a corporation. It is specifically denied that the defendant has a principal place of business located at 2001 Cottman Avenue, Philadelphia, Pennsylvania 19149. Strict proof thereof is demanded at the time of trial.

3.  Admitted in part; denied in part. It is admitted that defendant, J.C. Penney Company, Inc., is a corporation. It is specifically denied that the defendant has a principal place of business located at c/o CT Corporation Systems, 1635 Market Street, Philadelphia, Pennsylvania 19103. Strict proof thereof is demanded at the time of trial.

4.  Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

Further, answering defendant cannot determine from the wording of the corresponding paragraph of the plaintiff's Complaint the identity of the individuals alleged to be it's agents, servants and/or employees and/or the acts alleged to have been performed within the course and scope of their authority and strict proof thereof is demanded at trial, if material.  Furthermore, to the extent that this paragraph asserts that other persons or parties are alleged to be the agents, servants and/or employees of the answering defendant, said allegations are denied and it is further averred that even if a person or party is proven at trial to have been the agent, servant and/or employee of the answering defendant, than as to the acts alleged to have been negligently committed or omitted, it is averred that such acts or omissions were done without the authority of the answering defendant or outside the course and scope of the alleged employment.

   5.  Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no response is required.  Strict proof thereof is demanded at the time of trial.

   6.  Denied.  The averments contained in the corresponding paragraph are conclusions of law to which no response is required.  Strict proof thereof is demanded at the time of trial. Further, answering defendant cannot determine from the wording of the corresponding paragraph of the plaintiff's Complaint the identity of the individuals alleged to be it's agents, servants and/or employees and/or the acts alleged to have been performed within the course and scope of their authority and strict proof thereof is demanded at trial, if material.  Furthermore, to the extent that this paragraph asserts that other persons or parties are alleged to be the agents, servants and/or employees of the answering defendant, said allegations are denied and it is further averred that even if a person or party is proven at trial to have been the agent, servant and/or employee of the answering defendant, than as to the acts alleged to have been negligently committed or

omitted, it is averred that such acts or omissions were done without the authority of the answering defendant or outside the course and scope of the alleged employment.

7. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial. Further, answering defendant cannot determine from the wording of the corresponding paragraph of the plaintiff's Complaint the identity of the individuals alleged to be it's agents, servants and/or employees and/or the acts alleged to have been performed within the course and scope of their authority and strict proof thereof is demanded at trial, if material. Furthermore, to the extent that this paragraph asserts that other persons or parties are alleged to be the agents, servants and/or employees of the answering defendant, said allegations are denied and it is further averred that even if a person or party is proven at trial to have been the agent, servant and/or employee of the answering defendant, than as to the acts alleged to have been negligently committed or omitted, it is averred that such acts or omissions were done without the authority of the answering defendant or outside the course and scope of the alleged employment.

8. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

9. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

10. Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

    (a) - (m)    Denied. The averments contained in the corresponding paragraphs are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

11.    Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

12.    Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

13.    Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

14.    Denied. The averments contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof is demanded at the time of trial.

WHEREFORE, defendant, J.C. Penney Company, Inc. d/b/a J.C. Penney, demands judgment in its favor.

### FIRST AFFIRMATIVE DEFENSE

Answering defendant denies the negligence alleged.

### SECOND AFFIRMATIVE DEFENSE

Answering defendant performed each and every duty allegedly owed to the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Answering defendant breached no duties which were allegedly owed to the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by reason of her own negligence, comparative negligence and/or assumption of the risk.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

The accident, injuries and damages allegedly sustained were caused by the negligence of

third persons over whom answering defendant exercised no right or power of control.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages allegedly sustained.

## EIGHTH AFFIRMATIVE DEFENSE

The causes of action set forth in the Complaint are barred or limited pursuant to the Pennsylvania Comparative Negligence Act, the relevant terms and provisions of which are incorporated by reference as fully as though same were set forth at length herein.

## NINTH AFFIRMATIVE DEFENSE

The causes of action set forth in the Complaint are barred by reason of the plaintiff having assumed the risk of her injuries as evidence by her own acts and/or omissions.

## TENTH AFFIRMATIVE DEFENSE

The injuries alleged by the plaintiff were the result of prior accidents and/or conditions.

WHEREFORE, defendant, J.C. Penney Company, Inc. d/b/a J.C. Penney, demands judgment in its favor.

## CROSS-CLAIM FOR CONTRIBUTION

Without admitting any liability herein, answering defendant hereby claims contribution from any other defendants and/or third party defendants hereinafter joined to this litigation.

## CROSS-CLAIM FOR INDEMNIFICATION

Without admitting any liability herein, answering defendant hereby claims complete indemnification, including counsel fees and costs, from any defendants and/or third party defendants hereinafter joined to this litigation.

**NOTICE**

TAKE NOTICE that the undersigned attorney, counsel for defendant, J.C. Penney Company, Inc. d/b/a J.C. Penney, hereby demands pursuant to F.R.C.P. 26 that each party herein serve pleadings and Interrogatories and upon receiving answers thereto, serve copies of all such pleadings and answered Interrogatories received from any party, including any documents, papers and other materials referred therein, upon the undersigned attorney, and TAKE NOTICE that this is a continuing demand.

**REQUEST FOR STATEMENT OF AMOUNT OF DAMAGES CLAIMED**

Pursuant to D.N.J. R. 8, defendant demands that plaintiff serve upon the defendant within five (5) days from the date of service hereof, a written specification of the amount of money damages claimed in the within action.

**JURY DEMAND**

Answering defendant hereby demands a trial by jury, according to F.R.C.P. 38.

**TRIAL DESIGNATION**

Lawrence S. Sarowitz, Esquire, has been designated as trial counsel in the above matter.

MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS

BY:_____
LAWRENCE S. SAROWITZ, ESQUIRE
Attorney for Defendant(s): J.C. PENNEY COMPANY, INC. d/b/a J.C. PENNEY
1528 Walnut Street, 22nd Floor
Philadelphia, PA 19102
(215) 735-7200 / File No. 3700.0056

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM LASSITER-WADDELL<br><br>vs.<br><br>J.C. PENNEY COMPANY, INC. AND J.C. PENNEY | Civil Action No. 02 CV 3213 (MAM) |

**PROOF OF SERVICE**

I hereby certify that on July 16, 2002, I duly served a true and correct copy of the foregoing **ANSWER OF DEFENDANT, J.C. PENNEY COMPANY, INC. D/B/A J.C. PENNEY, TO PLAINTIFF'S COMPLAINT** on the following named counsel via first class mail, postage prepaid:

Robert F. Kuhn, Esquire
DASHEVSKY, HORWITZ, DISANDRO, KUHN, DEMPSEY AND NO
1315 Walnut Street, 12th Street
Philadelphia, PA 19107

MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS


BY:_____
LAWRENCE S. SAROWITZ, ESQUIRE
Attorney for Defendant(s): J.C. PENNEY COMPANY, INC. d/b/a J.C. PENNEY
1528 Walnut Street, 22nd Floor
Philadelphia, PA 19102
(215) 735-7200 / File No. 3700.0056